JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Jason Vaughn appeals from his conviction after a bench trial for felonious assault.
 {¶ 2} Although appellant contends his conviction was unsupported by sufficient evidence, this court's review of the record demonstrates the opposite. Therefore, his conviction is affirmed.
 {¶ 3} Appellant's conviction results from an incident that occurred on the afternoon of October 14, 2001. The victim, Salvatore N. Longo, and his finance, Stacy Black, were at their home watching a televised football game when they received a telephone call. They permitted the answering machine to take it. When they became aware of the nature of what was being recorded, however, Longo made an attempt personally to respond, but was too late.
 {¶ 4} Black had recognized her sister's voice on the tape-recorded message. There was "screaming" going on between Black's sister, Roseann, and another person. Black knew the other person's voice as that of appellant, Jason Vaughn. Black became agitated and told Longo she had to go to her sister because it sounded as if appellant were "doing something to her."[1]
 {¶ 5} A similar incident had occurred a few months previously, when Roseann nearly had been ready to deliver her baby. Roseann lived with appellant and his parents but had requested Black's help in leaving during a tempestuous argument with appellant. Black aided her sister, but Roseann's move had been only temporary and had led to a rift between Roseann's and appellant's families.
 {¶ 6} Longo acquiesced in Black's resolve. Intending only to remove Roseann from the situation, they drove to the apartment in which she lived. They could hear the ongoing argument from the parking lot as they exited their vehicle.
 {¶ 7} At the same moment Longo and Black approached the building, appellant's parents returned from an outing. Appellant's mother, Kathy Vaughn emerged first from their van, demanding to know why Black was there. Before Black replied Kathy, too, heard the "screaming" coming from their apartment, and "darted for the door." Appellant's father, Chester Vaughn, joined them as they all "rushed upstairs."
 {¶ 8} Kathy and Chester entered first, but as Chester followed his wife, "he was attacked." Longo observed appellant and Chester "scuffle," and another man, later identified as appellant's brother Michael, "came after" Chester from another direction. Chester pleaded for help.
 {¶ 9} Longo responded by tackling Michael. Black, meanwhile, joined Roseann in retrieving Roseann's baby and toddler. Kathy was pushed into a wall during the altercation with enough force to damage it.
Although Longo and Michael's struggle eventually placed them in the apartment's bathroom, it ceased when the elder Vaughns managed to assert their authority. They demanded Longo and Black "get out." Longo agreed to do so, desiring by that time to remove himself from the situation.
 {¶ 10} Black, still holding Roseann's child, already had exited the apartment but paused to begin to place a call on her cellular telephone as she left, intending to notify the police about the incident. Thus, she exited the building behind Longo. Longo stopped to wait for her and saw appellant "proceed to charge at" Black. Appellant knocked the telephone away from her face, making contact with her.
 {¶ 11} Longo became angry and demanded to know if appellant enjoyed "hit[ting] a woman." Appellant turned to Longo and began to taunt him, acting as if he were ready to box. Longo seemed ready to accept appellant's offer to fight when he was "attacked from [his] rear" by Michael.
The force of the collision caused Longo to fall to his knees. His two assailants continued to "go after" him. Longo was "kicked and hit" by appellant "in front" and Michael to the "side back." Black gave the child she held to her sister, then rushed over to place herself between Longo and the others; the fray halted, however, only when Kathy warned her sons the police were on their way. Appellant and Michael took their mother's advice to leave before the authorities arrived.
 {¶ 12} Longo rose to find his nose was "bloody" and his face possessed a strange sensation: he "could feel [his] teeth had shifted." Since it hurt and he wished to obtain medical care, Longo abbreviated his statements given to the police at the scene.
 {¶ 13} Subsequently, hospital emergency room physicians diagnosed that Longo suffered in the incident mandibular fractures of both his right and his left sides. His injuries required treatment by a maxilliofacial specialist with wires and rubber bands for a period of over two months.
 {¶ 14} Appellant eventually was indicted on one count of felonious assault, R.C. 2903.11. His case proceeded to a bench trial, at which the state presented Longo and Black as witnesses. The state also introduced into evidence the tape recording from the answering machine, photographs taken of Longo's injuries following his initial medical treatment,[2]
and a copy of Longo's emergency room medical records.
Appellant testified in his own behalf and presented the testimony of several witnesses, including his mother, Michael and Roseann. Appellant's defense theory relied on the initial struggle between Longo and Michael to suggest Longo had sustained his injuries during that encounter. The trial court, however, determined the defense version of the incident to be the less credible; therefore, it found appellant guilty of the offense. Appellant received a two-year prison sentence for his conviction.
 {¶ 15} Appellant presents the following as his sole assignment of error:
 {¶ 16} "The trial court erred in denying appellant's Criminal Rule 29 motion for acquittal when there was insufficient evidence to prove that appellant committed a felonious assault."
 {¶ 17} Although appellant asserts his conviction is unsupported by sufficient evidence and consequently requires reversal, appellant's argument actually challenges the weight of the evidence presented at trial. Appellant's assertion when examined under either standard lacks merit.
 {¶ 18} A defendant's motion for acquittal should be denied if the evidence is such that reasonable minds could reach different conclusions as to whether each material element of the crime has been proven beyond a reasonable doubt. State v. Dennis, 79 Ohio St.3d 421, 1997-Ohio-372;State v. Jenks (1991), 61 Ohio St.3d 259; State v. Bridgeman (1978),55 Ohio St.2d 261. The trial court is required to view the evidence in a light most favorable to the state. State v. Martin (1983),20 Ohio App.3d 172.
With regard to an appellate court's function in reviewing the weight of the evidence, the relevant analysis is whether a review of the entire record demonstrates the factfinder clearly lost its way in resolving conflicts in the evidence, such that a manifest miscarriage of justice occurred. State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 19} Thus, this court must be mindful that the weight of the evidence and the credibility of the witnesses are matters primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 20} In this case, Longo testified that he directed some remarks to appellant after appellant struck at Black outdoors. Longo apparently was able to make these remarks because his jaw still remained intact. As Longo thus responded to appellant's taunts, Michael attacked Longo in the same fashion he had attacked Chester Vaughn: from the rear. Longo indicated Michael stayed in that location during the ensuing kicking episode while appellant was in front of Longo. Longo noticed appellant "did kick [him]" from that direction. After appellant and Michael broke off their attack, Longo stood up only to discover he now had sustained what proved to be fractures of his lower jaw on both sides. This constituted sufficient evidence to support appellant's conviction for felonious assault. State v. Allen (Nov. 30, 2000), Cuyahoga App. No. 76672; State v. Gedson (July 9, 1998), Cuyahoga App. No. 73034; State v.Dill (Aug. 28, 1997), Cuyahoga App. No. 70740.
Moreover, the testimony of Longo was corroborated by his medical records, by Black's testimony, and even in part by evidence presented by the defense. Appellant's attempt, however, to portray Longo as the primary aggressor lacked believability in the face of appellant's simultaneous suggestions both that Longo had sustained the injuries indoors at Michael's hands and that Longo had provoked appellant into using his feet as weapons. This court, therefore, cannot infer the trial court lost its way in resolving conflicts in the evidence. Id.; State v.Thomas (July 7, 1998), Cuyahoga App. No. 73028.
 {¶ 21} Since appellant's conviction was well-supported by the evidence presented at trial, his assignment of error is overruled.
Affirmed.
It is ordered that appellant recover of appellee its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J. and JAMES J. SWEENEY, J. CONCUR
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc. App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).
[1] Quotes indicate testimony given by a witness at appellant's trial.
[2] These exhibits were not included in the appellate record.